# PROVIDENCE COUNTY.

## WILLIAM VAUGHAN *vs.* THOMAS FURLONG.

Gen. Stat. R. I. cap. 197, § 18, which makes a garnishee liable to satisfy a judgment against the defendant, in case the garnishee neglects to render a sworn account of the defendant's estate in his hands, or to make a sworn statement that he held no estate of the defendant, is in conflict neither with article 1, section 10, of the Constitution of Rhode Island, which declares that no person shall be "deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land," nor with article 14, section 1, of the Amendments to the Constitution of the United States, which declares that no State shall "deprive any person of life, liberty, or property, without due process of law," nor with any other provision of these constitutions.

CASE, against the defendant as garnishee. On motion to arrest judgment.

*June* 25, 1878. DURFEE, C. J. This is an action on the case brought against the defendant to charge him as garnishee under Gen. Stat. R. I. cap. 197, § 18, for not making affidavit as directed by § 10. The provision of § 18 is that if any person, after being duly serve as garnishee, and having the proper fees tendered to him, shall neglect to render an account, on oath, of what personal estate he had in his hands at the time of the ser-

vice, belonging to the defendant in the action in which he is garnished, he shall be liable to satisfy the judgment recovered against such defendant in an action of the case. No question is made but that the writ and declaration are in proper form to charge the defendant with this liability. The action has been tried to a jury on plea of the general issue, and verdict rendered for the plaintiff. The case comes before us now on motion in arrest of judgment, the ground of the motion being that § 18 is in conflict with the Constitution of the State, art. 1, § 10, which declares that no person shall be " deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land ; " and with the Fourteenth Amendment to the Constitution of the United States, which declares, § 1, that no State shall " deprive any person of life, liberty, or property without due process of law."

We think § 18 is not in conflict with these provisions. It is a part of a chapter designed to enable creditors to reach the estate and credits of their debtors in the hands of third persons, and to subject such estate and credits to the payment of the just debts of such debtors. There can be no doubt but that the statute is constitutional in its object. The only question is whether it is so in the mode of proceeding which it prescribes. Service, according to that mode, is made on the garnishee by leaving with him a copy of the writ, and, in order to charge him, it is further required that the proper fees shall be tendered to him. But having been duly served and having had his fees tendered to him, the garnishee is obliged to render an account, on oath, of what estate the defendant had in his hands at the time of his service, or that he had none, or, in default of such account, to incur the liability imposed by § 18. If the account, being duly rendered, shows no estate, he is discharged from all liability. If the account shows estate, he will be charged, but only to the extent of the estate disclosed ; and after final judgment in the original action, he can discharge himself completely by satisfying the judgment, or any part thereof, to the amount of the estate in his hands ; or, if the estate consists of one or more specific articles, by surrendering them to the officer having the execution ; or if the garnishee has a claim, about the legality of which he is in doubt, he is at liberty to set forth the facts in his affidavit, leaving the decision thereon to the court, either in the original action or in the sub-

sidary action which the plaintiff will have to bring against him, unless he consents to discharge his liability without it. Gen. Stat. R. I. cap. 197, § 13. These provisions are ample for the protection of the garnishee if he chooses to avail himself of them. He is paid for his trouble in availing himself of them; for the statute not only requires that his fees shall be tendered to him, but that he shall be paid all lawful costs and charges. See § 29. It is only when he fails to perform the duty imposed upon him by the statute that any trouble can arise, and even then he cannot be affected either in person or property except by judgment in an action against him, in which he can require the plaintiff to show to the satisfaction of a jury that every step has been taken which is necessary to charge him with the statutory liability. How, then, can it be said that he is deprived, by the proceeding, of life, liberty, or property otherwise than " by the judgment of his peers or the laws of the land," or " without due process of law ? " We do not see. Cooley on Constit. Limit. 351 *et sq.* The counsel for the defendant contends that he ought to be permitted to show in the action against him what estate he has in his hands belonging to the original defendant, or how much he is indebted to the original defendant, and that the judgment in favor of the plaintiff ought to be limited to the amount of such estate or indebtment. Undoubtedly this would be so if the defendant had not already had the opportunity to show the amount, and by showing, to limit his liability to it. The question is whether, having once had and neglected or refused the opportunity, he is entitled to have it a second time, or whether it is within the power of the legislature to provide that, upon proof of such neglect or refusal, he shall be charged to the full extent of the original judgment in consequence of his neglect or refusal, without regard to the estate in his hands. We know of no reason why it has not such a power. No authority is cited to show that it has it not. Charging the garnishee by default is not peculiar to this State. Drake on Attachment, § 658 *e.* In this State the proceeding has existed substantially in its present form for more than a century, and, so far as we know, its validity has never before been questioned, though there have been many occasions when, doubtless, it would have been if it had not been supposed it was useless to do it. *Taylor* v. *Place,* 4 R. I. 324 ;

*Atlantic Fire & Marine Insurance Company* v. *Wilson, Gall & Co.* 5 R. I. 479. Of course it would be hard to charge the garnishee if, through accident, he should innocently omit to make his affidavit; but, in such a case, he would be relievable in equity or by petition for new trial. *R. I. Exchange Bank* v. *Hawkins,* 6 R. I. 198. It is hardly possible for any garnishee to suffer seriously except by his own negligence. We think the statute is not in conflict with the constitutional provisions referred to or with any other.

*Motion denied, and judgment for the plaintiff on the verdict.*

*Adoniram J. Cushing,* for plaintiff.

*Charles E. Gorman,* for defendant.